UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:17-CR-30072-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER ON DEFENDANT'S PRETRIAL MOTIONS |
| JULIAN NAVARRO, | |
| Defendant. | |

The government filed a criminal complaint against Defendant Julian Navarro alleging that Navarro committed assault with a dangerous weapon and assault resulting in substantial bodily injury to an intimate partner. Doc. 1. A federal grand jury indicted Navarro for these same crimes less than a week later. Doc. 13. The Federal Public Defender's Office represented Navarro initially, but substitute counsel Robert Konrad was appointed after the Public Defender successfully moved to withdraw. Navarro then moved to represent himself. Doc. 43. After meeting with Navarro and Conrad in chambers, Magistrate Judge Mark A. Moreno granted Navarro's motion to represent himself. Doc. 50. Konrad agreed to stay on as stand-by counsel but has now filed a motion to withdraw. Doc. 60.

Acting pro se, Navarro has filed two motions to dismiss the indictment, Docs. 46, 54, a motion for a bill of particulars, Doc. 51, and a motion to dress in street clothing, Doc. 47. Navarro's motion for a bill of particulars also requests that certain evidence be suppressed. Doc. 51. Some portions of Navarro's hand-written motions are not legible; other portions are legible

1

but difficult to track. This Court has done its best to understand Navarro's arguments and address them accordingly. For the reasons explained below, Navarro's motion to dress in street clothing is granted, but his motions to dismiss the indictment, motion for a bill of particulars, and request that certain evidence be suppressed are denied.

I.  **Motions to Dismiss Indictment**

Navarro's main argument for dismissal of the indictment is that there is no "substantial evidence" to support the charges against him. Doc. 46 at 1–2; Doc. 54 at 1. Navarro makes various assertions, including that the alleged victim was not harmed, that the charges lack merit, and that the investigation in this case was deficient. Doc. 46 at 1–2, Doc. 54 at 1–2.

When the grand jury indicted Navarro, it determined that there was probable cause to believe that he committed assault with a dangerous weapon and assault resulting in substantial bodily injury to an intimate partner. Under Supreme Court precedent, it is the grand jury alone that gets to decide whether the evidence before it establishes probable cause. Kaley v. United States, 134 S. Ct. 1090, 1098 (2014) ("The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime."). Thus, a defendant like Navarro cannot challenge an indictment "on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999). On rare occasions, courts have entertained challenges to the sufficiency of the government's evidence when such challenges are based on facts separate and apart from the facts presented to the grand jury. 4 Wayne R. LaFave et al., Criminal Procedure § 15.5(a) (4th ed.). But courts have only entertained such challenges when "'[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that,

'*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'" United States v. Pope, 613 F.3d 1255, 1260 (10th Cir. 2010) (alterations in original) (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994); see also LaFave, supra, § 15.5(a) n.53 (explaining that "[o]ther circuits have adopted basically the same standard" as the Tenth Circuit). None of these three circumstances are present here. Navarro is arguing that the allegations in the indictment are untrue and the result of a deficient investigation. Although he is free to make these arguments at trial, they are not grounds for dismissing the indictment. See United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) ("The government is entitled to marshal and present its evidence at trial . . . . We simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.") (internal marks omitted) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)).

Navarro also quotes from Rule 7 of the Federal Rules of Criminal Procedure and asserts that the "description[s]" in the indictment are "vague." Doc. 46 at 2. Under Rule 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001). An indictment that tracks the statutory language normally passes muster. United States v. Whitlow, 815 F.3d 430, 433 (8th Cir. 2016).

3

Here, Count I of the indictment charges Navarro with violating 18 U.S.C. § 113(a)(3) and 1152 by committing assault with a dangerous weapon while Count II charges him with violating 18 U.S.C. § 113(a)(7) and 1152 by committing assault resulting in substantial bodily injury to an intimate partner. This Court has reviewed the indictment and finds that it includes all of the essential elements of the crimes charged. See 18 U.S.C. §§ 113(a)(3), 113(a)(7), 1152; United States v. Phelps, 168 F.3d 1048, 1056 (8th Cir. 1999).[1] The indictment also tracks the language of the relevant statutes and specifies the date, place, and victim of the alleged assaults. This is enough information for Navarro to plead a prior conviction or acquittal of the alleged offense. On its face, the indictment is valid.

Navarro also contends that South Dakota state courts should have jurisdiction over his alleged crimes under 18 U.S.C. § 1162. Subsection (a) of § 1162 gives six states criminal jurisdiction over all or some of the reservations within their borders. 18 U.S.C. § 1162(a). Subsection (c) of § 1162 explains that §§ 1152 and 1153 do not apply "within the areas of Indian country listed in subsection (a)." 18 U.S.C. § 1162(c). South Dakota is not one of the six states listed in § 1162(a), so the statute does not apply to Navarro's case. Navarro also cites to two of

---

[1]The indictment alleges that Navarro's alleged victim is an Indian but is silent about Navarro's status. Section 1152, the General Crimes Act, provides for jurisdiction over crimes occurring in Indian country between an Indian and a non-Indian. United States v. Graham, 572 F.3d 954, 956 n.3 (8th Cir. 2009). Although it appears that the Eighth Circuit would not view Navarro's status as a non-Indian as an essential element that must be pleaded in the indictment, United States v. Webster, 797 F.3d 531, 535–37 (8th Cir. 2015), it might be prudent for the government to include the defendant's status in future indictments under 18 U.S.C. § 1152. Compare United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001) (en banc) abrogated on other grounds as recognized by United States v. Sinks, 473 F.3d 1315, 1321 (10th Cir. 2007), with United States v. Hester, 719 F.2d 1041, 1043 (9th Cir. 1983).

4

the exceptions to jurisdiction listed in § 1152, but he does not explain why he is citing these exceptions or how they apply to his case. Navarro's motion to dismiss the indictment is denied.[2]

**II.    Motion for Bill of Particulars**

Navarro argues that he is entitled to a bill of particulars because his "resources are limited." Doc. 51 at 2. Rule 7(f) of the Federal Rules of Criminal Procedure provides that a court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). Similar to an indictment, "[t]he purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the dangers of surprise at trial." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)). A bill of particulars cannot be used as a discovery device or to obtain a detailed disclosure of the government's evidence or theories. United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993); United States v. Agard, 531 F. Supp. 2d 1072, 1074 (D.N.D. 2008). District courts have broad discretion in determining whether to grant or deny a motion for a bill of particulars. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993) (per curiam).

This Court denies Navarro's motion for a bill of particulars. Although Navarro is representing himself, this case is not complex; it involves one defendant, one alleged victim, and two counts, both of which concern what Navarro allegedly did to Jolene High Bear on May 18,

---

[2]One of Navarro's motions to dismiss discusses striking surplusage from the indictment. Doc. 46 at 2–3. "A motion to strike surplusage from an indictment . . . should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir. 2005) (alteration in original) (quoting Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962)). Navarro has not identified any irrelevant or inflammatory language in the indictment and this Court sees none. To the extent Navarro is moving to strike surplusage from the indictment, this motion is denied. Navarro's other motion to dismiss the indictment mentions habeas corpus and asserts that he should be released from custody. Doc. 54 at 3–4. Navarro is not being held illegally and is not entitled to any habeas relief.

2017. The indictment adequately informs Navarro of the charges against him and the government has provided Navarro with discovery. Also, the government filed a criminal complaint and affidavit that sets forth the facts on which the government filed the criminal complaint. Doc. 1. Navarro has sufficient information to prepare for trial and avoid surprises.

**III. Suppression Request**

Navarro asks this Court to suppress photographs of Luther Blue Thunder and a "report" from a federal probation officer. Doc. 51 at 1. Although Navarro's argument for suppressing this evidence is not entirely clear,[3] it appears that he is arguing for suppression because this evidence omits some facts. Doc. 51 at 1. This is not a ground for suppressing the evidence but rather an argument Navarro can make at trial and can cross-examine the government's witnesses about. Navarro also appears to request suppression of an interview he had with the FBI. Doc. 51 at 1–2. Navarro alleges that he did not incriminate himself, that the interview was irrelevant to his charges, and that he invoked his Fifth Amendment right to remain silent. Doc. 51 at 1. Navarro does not provide any additional information about any FBI interview, and this Court does not know anything beyond what Navarro has alleged. If Navarro still wants to suppress his statements to the FBI, this Court will address the issue at the motion hearing/pretrial conference this week.

**IV. Motion to Dress in Street Clothing**

This Court grants Navarro's motion to dress in street clothing during trial. He or his stand-by counsel will need to make arrangements to do so with the U.S. Marshals Service.

**V. Conclusion**

For the reasons stated above, it is hereby

---

[3]This Court is holding a hearing this week at which Navarro can make clear what he is trying to suppress and why, and then the Court can decide if an evidentiary hearing is in order.

ORDERED that Defendant's Motions to Dismiss Indictment, Docs. 46, 54, are denied. It is further

ORDERED that Defendant's Motion for a Bill of Particulars, Doc. 51, is denied. It is finally

ORDERED that Defendant's Motion to Dress in Street Clothing, Doc. 47, is granted to the extent that Defendant may dress in street clothing during his trial.

DATED this 16th day of October, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE